# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

JOHN HENRY,

        Plaintiff,

        v.

ERIC THOLBERG; RYAN A.
MULKINS; LINDI L. BAKER;
LORE RUTZ-BURRI; KIRK
BRUST; DAVE DANIEL;
JACK WAY; HEIDI K.
BORNHOLDT-WAY; JOHN
DOE 1 TO X; JANE DOE
1 TO X,

        Defendants.

Civ. No. 1:18-cv-00868-CL

**ORDER**

CLARKE, Magistrate Judge.

This case was initially filed in the United States District Court for the District of Columbia as Case No. 1:18-cv-00308. It was transferred to this Court on May 15, 2018. Plaintiff John Henry seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend.

Page 1 –OPINION & ORDER

Plaintiff's IFP application is DENIED and will be reconsidered upon the filing of an amended complaint and an amended IFP application.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## BACKGROUND

In its Order transferring the case to Oregon, the DC district court observed that Plaintiff's Complaint is "prolix" and "difficult to decipher." ECF No. 3. The Complaint is certainly voluminous, running to 117 pages when considered with its supporting exhibits. Despite its length, the Complaint is light on facts, and filled instead with repetitive unsupported assertions and quasi-legal gibberish. To the best of the Court's understanding, these are the facts as alleged:

Plaintiff was driving on the highway when he was pulled over by Defendant Oregon State Police Trooper Eric Tholberg. From the supporting exhibits, it appears that Plaintiff was cited for Failure to Display License Plates, No Operator's License, and Driving Uninsured. ECF No. 1-1, at 41. The details of the traffic stop are not clearly described, but it apparently escalated to the point where Plaintiff was pepper-sprayed and arrested by Tholberg. Following his arrest, Plaintiff was lodged at the Josephine County Jail, which is administered by Defendant Josephine County Sheriff Dave Daniels.

Plaintiff's vehicle and its contents were impounded and towed away by Crystal Peak Towing LLC, which is operated by Defendants Jack Way and Heidi K. Bornholdt-Way. It appears that the vehicle and its contents remain impounded.

Plaintiff was criminally charged in Josephine County Circuit Court, although the precise nature of Plaintiff's charges is not clear from the Complaint. The case against Plaintiff was overseen by Defendant Josephine County District Attorney Ryan A. Mulkins. Defendant Judge Lindi L. Baker and Defendant Judge *pro tempore* Lore Rutz-Burri presided over portions of the criminal prosecution. It appears that this was one of several state court cases in which Plaintiff was defendant. It is not clear if any of these cases are ongoing or, if not, how they were resolved.

## DISCUSSION

Plaintiff brings this federal action for injunctive and declaratory relief against Defendants for violation of his federal statutory and constitutional rights. Plaintiff seeks to have a number of state court criminal cases "avoided or vacated." Plaintiff also appears to seek the criminal prosecution of a number of Defendants.

Aside from the factual deficiencies outlined in the preceding section, the Court notes a number of other issues with Plaintiff's Complaint.

### I.    IFP Status

As part of the IFP screening process, courts are required to determine that the plaintiff is indigent. 28 U.S.C. § 1915(a)(1).   In order to assist the Court with this inquiry, the Clerk of Court provides plaintiffs seeking to proceed IFP with a standard form, which asks a series of questions concerning the plaintiff's assets, liabilities, and access to resources.

In this case, Plaintiff has not used the form provided by the Court, but has instead submitted a document of his own devising. ECF No. 2. In this form, Plaintiff asserts that he is unemployed, has no wages, no debts, and derives no income from any source. Plaintiff claims that he has no bank accounts and keeps cash "for basic necessities." He states that he owns no automobile, real estate, or anything else of value "for the purposes of this application."

The evasive language of Plaintiff's declaration is at odds with the substance of his Complaint, particularly when it comes to Plaintiff's claim that he owns no automobile and has no debts. The Complaint describes the dispute over the impoundment of Plaintiff's vehicle at some length and complains of impound fees and other financial obligations placed upon him by the state court. The statement that Plaintiff keeps cash for basic necessities describes how he spends his money, but is conspicuously silent as to the amount of money at Plaintiff's disposal.

Without further information, the Court is unable to assess whether Plaintiff is truly indigent and unable to pay the filing fee in this action. The clerk is directed to mail a blank copy of the Court's IFP application form to Plaintiff along with a copy of this Order. Should Plaintiff choose to file an amended complaint in this case, he is directed to complete and sign the standard IFP form and submit that document along with the amended complaint.

## II.    Limits of Federal Power Over State Court Proceedings

Plaintiff seeks to "avoid or vacate" a number of state court cases and to enjoin Defendants from continuing with Plaintiff's prosecution. The details of these cases are not included in the Complaint, but it appears that some are criminal matters in which Plaintiff is the defendant.

It is not clear from the Complaint whether these state cases are ongoing or completed. Federal courts are not to enjoin ongoing state criminal prosecutions except in rare circumstances,

not evident here. This principle, explained in *Younger v. Harris*, 401 U.S. 37 (1971), is known as "*Younger* abstention." In *Younger*, the Supreme Court reiterated a "longstanding public policy against federal court interference with state court proceedings." *Id.* at 43. Both traditional equitable principles and the structure of our federal system counsel against federal court injunctions barring or interfering with state criminal proceedings. *Id.* at 44. If Plaintiff's state criminal cases are ongoing, the *Younger* abstention doctrine prohibits this Court from interfering.

If Plaintiff's state court cases have been resolved, he is barred from challenging the judgments in federal court. Under the *Rooker-Feldman* doctrine,[1] federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as [his] injury legal error or errors by the state court *and* seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). If Plaintiff is seeking to vacate unfavorable state court judgments, as it appears, he is prevented from doing so in federal court by the *Rooker-Feldman* doctrine. The appropriate avenue for challenging an alleged error of law by an Oregon circuit court is a direct appeal to the Oregon Court of Appeals, and not the federal district courts.

## III. Other Issues

The Court has noted a number of other issues, which may prove fatal to some of Plaintiff's claims. As Plaintiff will be given leave to file an amended complaint, the Court will note those issues here.

### A. Standing to Compel Criminal Prosecution

At certain points, the Complaint appears to demand the initiation of federal criminal proceedings against Defendants. Plaintiff lacks standing to maintain such a claim: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."

---

[1] The *Rooker-Feldman* doctrine is based on the Supreme Court's holdings in *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Tia v. Criminal Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011) (holding that a private citizen plaintiff "lacks standing to compel an investigation or prosecution of another person."); *Graves-Bey v. City and Cnty. of San Francisco*, 669 F. App'x 373, 374 (9th Cir. 2016) (holding same).

## B. Malicious Prosecution

Plaintiff appears to bring claims against at least some of the Defendants for malicious prosecution. To establish malicious prosecution under Oregon law, a plaintiff must prove (1) the commencement and prosecution of the original criminal proceeding; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceeding; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the prosecution. *Merrill v. A.R.G.*, 286 Or. App. 487, 496 (2017).[2]

The fact that Plaintiff is seeking to "avoid or vacate" his state court cases strongly suggests that the cases are either ongoing or were resolved unfavorably. Either circumstance will prevent Plaintiff from bringing a claim for malicious prosecution.

## C. Absolute Immunity

Certain individuals enjoy broad grants of absolute immunity in order to protect their role in the judicial process. Judges, for example, are immune from suits for damages for acts taken in their judicial capacity and within the scope of their jurisdiction. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)). That immunity also covers court staff and employees whose challenged activities, including ministerial duties, are an "integral part of the judicial process," under a "quasi-judicial" theory of immunity. *Morrison v. Jones*, 607 F.2d 1269, 1273 (1979). Prosecutors also generally

---

[2] Although Plaintiff does not clearly invoke 42 U.S.C. § 1983, a claim for malicious prosecution under that statute requires, *inter alia*, that a plaintiff plead and prove the elements of the state law claim. *See Westwood v. City of Hermiston*, 787 F. Supp.2d 1175, 1205 (D. Or. 2011).

enjoy absolute immunity for actions taken in the initiation or presentation of a criminal case. *See, e.g., Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The Complaint is not, at this stage, sufficiently clear for the Court to determine whether Plaintiff's claims run afoul of these well-established categories of absolute immunity. In drafting his amended complaint, Plaintiff should carefully consider the nature of the claims he brings against the judicial and prosecutorial Defendants, bearing in mind the scope of immunity enjoyed by those Defendants.

## IV.   Leave to Amend

The Court is mindful of the wide latitude accorded to *pro se* plaintiffs in federal court and so dismissal shall be with leave to amend. In drafting his amended complaint, Plaintiff should focus on clarity and brevity, bearing in mind that Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain" statement of the case. Plaintiff should include more essential facts, while leaving out the lengthy and repetitive digressions on legal theory that make up the bulk of the present Complaint. Plaintiff should focus instead on a clear, concise explanation of what precisely happened, how he was harmed, and why he believes Defendants should be held responsible.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

Plaintiff's Petition to Proceed IFP, ECF No. 2, is DENIED with leave to refile. The Clerk is directed to mail a blank copy of the IFP application form along with a copy of this

Order. Should Plaintiff choose to file an amended complaint in this case, he is directed to complete and sign the Court's IFP application form. The Court will reconsider Plaintiff's IFP petition upon submission of an amended complaint and a completed IFP application form.

It is so ORDERED and DATED this ___ day of May, 2018.

MARK D. CLARKE
United States Magistrate Judge